**Margaret HOOPER and L. D. Howard Crawford, Plaintiffs,**

v.

**Senator Phillip HART, Defendant.**

**Civ. A. No. M–68–72.**

United States District Court,
W. D. Michigan, N. D.

Aug. 23, 1972.

Halbower, Ruck & Flynn, Muskegon, Mich. (John C. Ruck, Muskegon, Mich., of counsel), for plaintiffs.

Before FOX, Chief Judge, and ENGEL, District Judge.

## ORDER FOR DISMISSAL

PER CURIAM.

Plaintiffs' complaint in this cause seeks a Declaratory Judgment that persons holding the office of United States Senator in the State of Michigan are subject to recall by procedures set forth in the Michigan Election Law. Plaintiffs are residents of the State of Michigan seeking to recall the defendant, Phillip Hart, from his position as United States Senator by circulating petitions within the state.

Rule 8(a) of the Federal Rules of Civil Procedure requires that "a pleading which sets forth a claim for relief . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." The complaint filed herein includes no such statement. Reference is made to a declaratory judgment, but the statute authorizing such relief plainly reveals that it does not confer jurisdiction but merely provides a form of remedy. Title 28 United States Code, Section 2201, provides as follows:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

Plaintiffs have failed to indicate any basis upon which this federal district court may find jurisdiction over the subject matter of their claim for declaratory judgment or any other form of relief.

The court further finds that the complaint filed in this case is defective for its failure to demonstrate the existence of a justiciable case or actual controversy between plaintiffs and the named defendant. The requirement that all cases brought before the courts of the United States reflect actual controversies arises not only from the declaratory judgment statute but from Article Three, Section Two, of the United States Constitution as well.

Plaintiffs' complaint asserts:

"V.

That an actual controversy exists with respect to the issue of whether or not a United States Senator can be recalled by his electorate under the Constitution and Statutes of the United States of America and the State of Michigan.

VI.

That an actual controversy exists over a conflict between the constitutions and statutes of the State of Michigan, specifically Article II Section 8, of the Constitution of 1963 Section 121 of Act 116 of the Public Acts of 1954 of the State of Michigan (MSA 6.1121 and MCLA 168.121) and Article I Section 5 of the Constitution of the United States of America."

These averments do not establish any controversy between the plaintiff residents of the State of Michigan and the named defendant, Senator Phillip Hart. Rather, they appear expressly to seek advisory opinions from this court, in the form of a declaratory judgment, as to the legal issues identified. The principle is axiomatic that federal courts cannot per-

form such a function. Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

For the reasons set forth herein, therefore, the complaint filed in the above-entitled cause must be and is hereby dismissed.

It is so ordered.