Mr. Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution. Your submission in this regard is substantially similar to the proposed popular names and ballot titles I certified in Ops. Att'y Gen. 2001-208 and 2000-022, in the last election cycle, after a series of rejections in Ops. Att'y Gen.99-196 and 99-264. You have resubmitted the text of your measure with one newly added section and now propose the following popular name and ballot title for the new measure:
Popular Name
 INITIATIVE, REFERENDUM, AND RECALL PROCEDURE AMENDMENT
Ballot Title
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, INITIATED LAWS, ORDINANCES, OR REFERENDA FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LAWFULLY SPECIFIED TIME PERIOD; PRESERVING THE RIGHT TO CHALLENGE INITIATED AMENDMENTS, ACTS, OR ORDINANCES ON CONSTITUTIONAL GROUNDS OR BECAUSE PREEMPTED BY SUPERIOR LAW AFTER THEIR ADOPTION; PROVIDING THAT ANY CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, SHALL BECOME EFFECTIVE IF THE NUMBER OF LEGAL VOTES CAST IN FAVOR OF THE CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM IS GREATER THAN THE NUMBER OF LEGAL VOTES CAST AGAINST THE CITIZEN INITIATED CONSTITUTIONAL AMENDMENT, OR LAW, OR ORDINANCE, OR REFERENDUM; REQUIRING ONLY THE POPULAR NAME AND PROPOSITION OR AMENDMENT NUMBER TO APPEAR ON OFFICIAL BALLOTS FOR STATEWIDE MEASURES; REQUIRING THE POPULAR NAME, ANY PROPOSITION NUMBER IF AND WHEN ASSIGNED, AND THE FULL TEXT OF THE PROPOSAL, TO BE PUBLISHED: 1) ON THE SECRETARY OF STATE'S OFFICIAL WEBSITE, WHEN AND AS AVAILABLE; 2) IN AT LEAST ONE NEWSPAPER OF BONA FIDE STATEWIDE CIRCULATION, AT PUBLIC EXPENSE, AS SOON AS POSSIBLE AFTER THE FILING OF THE PRIMA FACIE REQUIRED NUMBER OF SIGNATURES, AND 3) BY A SEPARATE PUBLICATION, MADE AVAILABLE TO THE VOTERS AT PUBLIC EXPENSE, AT COUNTY CLERK'S OFFICES AND BY STATEWIDE NEWSPAPER INSERT NOT LESS THAN ONE WEEK PRIOR TO THE ELECTION; AUTHORIZING THE INCLUSION, IN THIS SEPARATE PUBLICATION, OF OTHER INFORMATION REGARDING ISSUES OR CANDIDATES ON THE BALLOT, AS MAY BE AUTHORIZED BY THE GENERAL ASSEMBLY; REQUIRING NO OTHER PUBLICATION OTHER THAN THAT SET FORTH HEREIN; EMPOWERING THE ARKANSAS SUPREME COURT TO REFORM MANIFESTLY ERRONEOUS POPULAR NAME LANGUAGE IN CITIZEN INITIATED STATEWIDE BALLOT ISSUES, IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO INTERFERE WITH THE ORDERLY CONDUCT OF THE ELECTION AT WHICH THE ISSUE IS TO BE DECIDED; AUTHORIZING THE SUPREME COURT TO STRIKE INVALID SIGNATURES PREVIOUSLY APPROVED BY THE SECRETARY OF STATE ONLY ON PROOF THAT THE SIGNATURE(S) ARE FORGERIES; PROVIDING THAT NO PETITION SIGNATURE SHALL BE DEEMED INVALID BECAUSE OTHER SIGNATURES UPON THE PART ARE FROM VOTERS REGISTERED IN OTHER COUNTIES OF THE STATE, OR BECAUSE THE SIGNER REGISTERED TO VOTE ON OR AFTER THE DATE OF SIGNING THE PETITION, BUT BEFORE THE SUBMISSION OF THE PETITION SIGNATURES TO THE SECRETARY OF STATE; EXEMPTING PETITION SPONSORS WHO INTERVENE IN SUITS CHALLENGING THEIR PETITIONS FROM THE POSTING OF ANY BOND, OR ASSESSMENT OF ANY COSTS EXCEPT IN CASE OF SUBSTANTIAL AND WILFUL FRAUD ON THEIR PART; PROVIDING THAT ALL ELECTED PUBLIC OFFICIALS SHALL BE SUBJECT TO RECALL; PROVIDING THAT RECALL MAY BE HAD ON THE SAME PROCEDURES AS AN INITIATIVE PETITION, AS NEAR AS POSSIBLE, UPON THE VOTE OF 10% OF TOTAL NUMBER OF VOTES CAST IN THE GOVERNOR'S RACE IN THE DISTRICT OF THE OFFICIAL TO BE RECALLED, BUT IN NO CASE TO REQUIRE MORE THAN 10,000 SIGNATURES; PROVIDING THAT MULTIPLE MEMBERS OF ONE ELECTIVE BODY MAY BE RECALLED ON THE SAME PETITION, AS LONG AS THE NAMES OF EACH ARE PLAINLY STATED IN THE PETITION; PROVIDING THAT IF SUFFICIENT SIGNATURES ARE COLLECTED TO REQUIRE A VOTE ON THE RECALL OF ONE OR MORE PUBLIC OFFICIALS, THE SPONSOR OF THE PETITION SHALL ELECT IN WRITING TO HAVE A SPECIAL ELECTION, OR TO DELAY THE RECALL TO THE NEXT GENERAL ELECTION; PROVIDING THAT IF THE SAME NUMBER OR MORE PERSONS VOTE TO RETAIN THE OFFICIAL THAN VOTE TO RECALL, THE OFFICIAL SHALL STAY IN OFFICE AS IF THE RECALL HAD NOT BEEN HAD, AND THAT OTHERWISE THE OFFICIAL SHALL BE TURNED OUT OF OFFICE AND SHALL NOT BE ALLOWED TO SEEK ANY PUBLIC OFFICE IN THIS STATE FOR A PERIOD OF 5 YEARS; PROVIDING THAT OFFICERS REJECTED IN A RECALL VOTE SHALL BE REPLACED BY THE GOVERNOR UNTIL THE NEXT GENERAL ELECTION, AT WHICH TIME THE PEOPLE SHALL ELECT A REPLACEMENT; PROVIDING THAT IN CASE OF RECALL OF THE GOVERNOR, A SPECIAL ELECTION FOR A GOVERNOR SHALL BE HAD; PROVIDING THAT A GOVERNOR SO ELECTED MAY NOT RUN FOR THE OFFICE OF GOVERNOR AT THE NEXT GENERAL ELECTION; REQUIRING LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, SEVERABILITY AND GENERAL REPEALER OF CONFLICTING LAWS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463,466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall, 229 Ark. 411,316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219,223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241,884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. §7-9-107(b).
I refer to the following ambiguities:
 The first sentence of Section 5(a) of your proposed amendment establishes the right of the people to recall "[a]ll elected public officials." It is unclear, as an initial matter, whether this language purports to include elected United States officers, including members of the United States House of Representatives and United States Senate. I am uncertain how to summarize your intention in this regard and will note that the inclusion of such federal officers might give rise to constitutional questions. See e.g., Hooper v. Hart, 56 F.R.D. 476
(W.D. Mich. 1972) (declining to answer a similar question for lack of an actual case or controversy).
The second sentence of Section 5(a) of your proposal states that: "Recall may be had on the same procedures as an initiative petition, as near as possible, upon the vote of 10% of total number of votes cast in the governor's race in the district of the official to be recalled, but in no case to require more than 10,000 signatures." Several ambiguities arise from this section. First, despite the recitation that the same procedures will apply to recall as apply to initiative petitions, "as near as possible," the exact procedure for effecting the recall is unclear. The form of the petition is not detailed and obviously will differ from that of an initiative petition. Must recall petitioners obtain some type of preliminary approval of their petitions prior to circulation for signatures, as required of initiative sponsors? Cf. A.C.A. § 7-9-107 (as to statewide measures). Your amendment purports to be self-executing and therefore does not seem to contemplate the authority of the General Assembly to flesh out such matters. Second, the language authorizing recall to be had "upon the vote of 10% of total number of votes cast in the governor's race . . ." is ambiguous. This language might be interpreted as allowing the official in question to be removed from office upon an affirmative vote of ten percent of the number of voters mentioned. You may mean to state "upon the signatures of 10% of total number of votes cast in the governor's race. . . ." This must be clarified before it can be properly summarized in a ballot title for your measure. Third, this sentence calculates the required number of voters upon the "governor's race." Your measure does not state which governor's race is to be used.
The last sentence of Section 5(a) states that: "[m]ultiple members of one elective body may be recalled on the same petition, as long as the names of each are plainly stated in the petition." I am uncertain whether this language also implies that multiple members will be included in one vote cast by the people to either recall all of the them or none of them. In my judgment, although I have been unable to find any interpretive case law on the point, the grouping of officeholders in this manner in the same recall petition and/or vote may give rise to constitutional questions.
The first sentence of Section 5(b) of your proposal states that: "If sufficient signatures are collected to require a vote on the recall of one or more public officials, the sponsor of the petition shall elect in writing to have a special election, or to delay the recall to the next general election." The sentence is unclear as to whom this election is made. That is, it does not indicate the responsible official or detail the procedure or time limit for making such election, despite the fact that your proposed amendment purports to be self-executing.
The last two sentences of Section 5(b) provide that: "Officers rejected in a recall vote shall be replaced by the Governor until the next general election, at which time the people shall elect a replacement. In case of recall of the Governor, a special election for a Governor shall be had. A Governor so elected may not run for Governor at the next general election." Several ambiguities arise from this section. First, I assume the first sentence above authorizes the Governor to replace any recalled public official, including local officials. The Governor does not currently fill vacancies in all such offices. See e.g., Arkansas Constitution, Amendment 55, § 4 (authorizing the quorum court to fill vacancies in the elective county offices). Second, I am uncertain to what extent Amendment 29 to the Arkansas Constitution will apply to the filling of vacancies created by recall. For example, there is a prohibition in Amendment 29 against any person appointed by the Governor under that Amendment succeeding himself in office. Your proposed Section 5(b) appears to adopt this prohibition only as to a specially elected Governor. Finally, this section is ambiguous as to the powers of the Lieutenant Governor. Does the Lieutenant Governor act as Governor during the pendency of the special election for Governor? Does he actually become Governor as provided by current law? See e.g., Bryant v. English, 311 Ark. 187, 843 S.W.2d 308
(1992). These are questions of extreme importance to the administration of state government and in my opinion will give the voter serious ground for reflection. I cannot summarize your proposal to the votes without clarification of these ambiguities.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34
(1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP/cyh